## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## AT LEXINGTON

| | |
|---|---|
| **DIAMOND ELECTRIC, INC.,** | **CIVIL ACTION NO. 5:16-023-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **KNOEBEL CONSTRUCTION, INC.,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on defendant Knoebel Construction, Inc.'s motion to supplement its counterclaim (DE 19). The proposed supplement adds a claim that would substantially expand discovery and present different legal, factual, and evidentiary questions than the original counterclaim. Accordingly, the supplement would not serve the interest of judicial economy and efficiency and the Court will deny the motion.

This action commenced with the complaint by plaintiff Diamond Electric, Inc. against Knoebel. With its complaint, Diamond asserts that Knoebel was the general contractor on a construction project in Cynthiana, Kentucky that involved renovating a grocery store. Diamond asserts that it entered into a subcontract with Knoebel requiring Diamond to perform electrical work on the project. In return, Knoebel agreed to pay Diamond a total of $165,225. Diamond asserts Knoebel paid it only $75,000 and then notified Diamond that it was being replaced with another electrical company. Diamond asserts breach of contract and quantum meruit claims against Knoebel.

Knoebel filed a counterclaim (DE 8) against Diamond in which it asserts that it agreed to pay Diamond only $151,200 and that it has paid Diamond $75,000. Thus, the balance on

the subcontract would be $76,200. It asserts, however, that it had to pay another company $105,154.52 to complete Diamond's work. Thus, it asserts a breach of contract claim against Diamond seeking $28,954.52 in damages.

Knoebel now moves under Federal Rule of Civil Procedure 15(d) to file a supplemental counterclaim. The tendered supplemental counterclaim adds a libel claim against Diamond and its president, Anthony Riggle for the following review posted by Riggle on Knoebel's Google profile after Knoebel's counterclaim was filed.

> Knoebel is a crooked company who steals from sub contractors and does not pay its bill. Their quality of work is poor to say the best. I advise all to take cover from this company. The owner Matt saying, I quote "I am the baddest mother f*ck*r to walk the planet and I will do everything to destroy you. Go F*ck yourself". These are the kinds of words and actions you will receive from Matt the owner and Knoebel construction as a whole. . . Take caution all who get involved with these crooked people who obviously don't have God in their life or their company morale's and values.

Knoebel asserts that it did not know about the review until May 20, 2016, which was nearly four months after it filed its initial counterclaim.

Diamond objects to the proposed supplemental counterclaim, arguing that Knoebel cannot add a party – Riggle – under a Rule 15(d) supplemental pleading. Instead, Diamond argues, if a litigant wants to add a party to an existing action it must move under Federal Rule of Civil Procedure 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

Rule 15(d), however, specifically address a situation where a "transaction, occurrence, or event" happens "after the date of the pleading to be supplemented." In that situation, the Court "may, on just terms, permit a party to serve a supplemental pleading setting out" the transaction, occurrence, or event. The Supreme Court has ruled that "Rule 15(d). . . plainly permits supplemental amendments to cover events happening after suit, and it follows, of

2

course, that persons participating in these new events may be added if necessary." *Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 227 (1964) (footnote omitted). "Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice." *Id. See also The Charter Oak Fire Ins. Co. v. SSR, Inc.*, No. CV 11-118-HRW, 2015 WL 10890126, at *3 (E.D. Ky. July 13, 2015); *Coleman v. Gullet*, No. CIV.A. 12-10099, 2013 WL 4026839, at *4 (E.D. Mich. Aug. 6, 2013); *Stewart v. Shelby Tissue, Inc.*, 189 F.R.D. 357, 361 (W.D. Tenn. 1999).

The allegations of the proposed supplemental counterclaim relate to matters which allegedly occurred after Knoebel filed its original counterclaim. Accordingly, Knoebel has appropriately moved under Rule 15(d) to supplement its original counterclaim, including the addition of Riggle and the addition of the libel claim.

The standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002). Under that standard, the Court should freely give leave for a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). The factors to consider include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

On a Rule 15(d) motion, however, courts may also consider "the effect of the proposed new claims on the manageability and fairness of the proceedings." *Stryker Corp. v. XL Ins. Am., Inc.*, No. 1:05-CV-51, 2013 WL 5533609, at *5 (W.D. Mich. Oct. 7, 2013). This is because "the assertion of new claims (as opposed to the pleading of new facts or changed

circumstances in support of already pending claims) can raise concerns about the fairness and efficiency of the proceedings." *Id*.

> Therefore, in the exercise of their discretion whether or not to allow supplementation, courts look to the interrelation of the proposed new claims with those already pending against the defendant. "There must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims." *Imelmann v. Mich. Dep't of Corr.*, No. 12–cv–10671, 2012 WL 2917514, at * 1 (E.D.Mich. July 17, 2012). "A court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out [of] an entirely unrelated set of facts." *Nottingham v. Peoria*, 709 F.Supp. 542, 544 (M.D.Pa.1988). Thus, leave to supplement may be denied if it would be fairer and more orderly to let the plaintiff raise the new claim in another lawsuit. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir.2008).

*Id.* A court may deny a motion to supplement where it contains "a new legal theory, not just events that occurred after the complaint." *Koukios v. Ganson*, No. 99-4060, 2000 WL 1175499, at * (6th Cir. 2000).

Here, there will be little overlap between the evidence required for the claims made in the original complaint and counterclaim and the evidence required on the claim made in the supplemental complaint. The original complaint and counterclaim are based only on the subcontract between the parties. Thus, evidence would be limited to issues such as the sufficiency of Diamond's performance under the subcontract and any damages that either party suffered when Knoebel notified Diamond to cease working on the project.

The supplemental claim, on the other hand, is based on statements posted on a website about Knoebel. This claim will involve evidence regarding whether Riggle posted the statements, whether the statements are true, *i.e.*, whether Knoebel actually does not pay its subcontractors and whether its quality of work is truly poor, and whether the statements

4

are opinion. Likewise, the claim will likely require evidence of Knoebel's reputation both prior to and after the statement was posted.

Resolving the libel claim in this action will substantially expand the discovery necessary to resolve the original claim and counterclaim and will likely delay the ultimate resolution of those claims. The parties have already conducted a significant amount of discovery on the original complaint and counterclaim. Further, there has been no argument that Knoebel is unable to assert the libel claim in an entirely separate action. Thus, denying the motion to supplement the counterclaim will not prejudice Knoebel.

For all these reasons, the Court hereby ORDERS that Knoebel's motion to supplement its counterclaim (DE 19) is DENIED.

Dated November 2, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY